# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * *
ERIN HEATH,                       *
                                  *    No. 12-547V
                   Petitioner,    *    Special Master Christian J. Moran
                                  *
v.                                *    Filed: March 8, 2016
                                  *
SECRETARY OF HEALTH               *    Gardasil; decision denying compensation.
AND HUMAN SERVICES,               *
                                  *
                   Respondent.    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Anne C. Toale, Maglio Christopher and Toale, Sarasota, FL, for petitioner.
Heather L. Pearlman, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Erin Heath filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa—10 et seq., on August 29, 2012. The petition alleged that Ms. Heath suffered an adverse reaction to the Gardasil vaccinations administered on September 18, 2009, November 20, 2009, and March 18, 2010. The information in the record, however, does not show entitlement to an award under the Program.

### I.   Procedural History

On August 29, 2012, Ms. Heath filed a petition alleging that a stroke she suffered on September 23, 2009, was more likely than not caused by the vaccines she received on September 18, 2009, November 20, 2009, and March 18, 2010.

On February 6, 2013, respondent filed a Rule 4(c) report in which she concluded that petitioner had failed to demonstrate by a preponderance of the evidence that her injuries were caused-in-fact by the vaccines she allegedly received on September 18, 2009, November 20, 2009, and March 18, 2010. Respondent's Report at 12-13.

---

[1] The E-Government Act, 44 § 3501 (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent noted that petitioner did not put forth a plausible medical theory of causation by which an HPV vaccine can cause a stroke. Id. at 12.

On May 21, 2014, petitioner filed her first expert report in the case. After numerous expert reports by both petitioner and respondent, respondent filed her third supplemental expert report on January 4, 2016. Previously, in November 2015, the case was set for an entitlement hearing in April 2016.

On February 2, 2016, and again on March 7, 2016, petitioner moved for a decision dismissing her petition. In the February 2 motion, petitioner stated that "[p]ursuant to privileged discussions with her counsel, Petitioner has decided that a dismissal is the preferable course of action." Feb. 2, 2016 Mot. For a Decision Dismissing Her Petition. The March 7, 2016 motion requested her petition be dismissed under Rule 10. Mar. 7, 2016 Mot. For a Decision Dismissing Her Petition Under Rule 10.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinee's vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). An examination of the record did not uncover any evidence that Ms. Heath suffered a "Table Injury." Further, the record does not contain other persuasive evidence indicating that petitioner's injuries are vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support. Though a medical opinion has been offered, it is not persuasive. Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master